THOMAS E. DONAHUE (SBN 156279)
NICHOLE D. PODGURSKI (SBN 251240)
DONAHUE & HORROW, LLP
1960 E. Grand Ave., Suite 1215
El Segundo, California 90245
Telephone: (310) 322-0300
Facsimile: (310) 322-0302
Email: tdonahue@donahuehorrow.com
Email: npodgurski@donahuehorrow.com

Attorneys for Plaintiff,

J.C., a minor, by and through his Guardian Ad Litem, Beatriz Estrada

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.C., a minor, by and through his Guardian Ad Litem, Beatriz Estrada,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA; SUTTER MEDICAL CENTER OF SANTA ROSA; VIRGINIA MEADE, D.O., PEDIATRIX MEDICAL GROUP OF CALIFORNIA and DOES 1 THROUGH 50, inclusive,<br><br>Defendants. | Case No.: 3:14-cv-02912-JD<br><br>**[PROPOSED] ORDER RE PETITION TO COMPROMISE CLAIM OF MINOR JORDAN CAZAREZ BY AND THROUGH HIS GUARDIAN AD LITEM, BEATRIZ ESTRADA** |

  Before the Court is plaintiff's request for approval of the reasonableness of a settlement between Defendants the United States of America and Sutter Medical Center of Santa Rosa and Plaintiff Jordan Cazarez, a minor, by and through his guardian ad litem, Beatriz Estrada.

– 1 –

– 2 –

The complete and precise terms and conditions of the settlement with the USA are set forth in the Stipulation For Compromise Settlement And Release Of Federal Tort Claims Act Claims Pursuant To 28 U.S.C. § 2677 (hereinafter "Stipulation"), attached as <u>Exhibit A</u>.  The complete and precise terms and conditions of the settlement with Sutter are set forth in the Release attached hereto as <u>Exhibit B</u>.  The Court has reviewed the papers submitted by counsel in favor of this settlement.  The Court is fully informed of the specifics of the full and final terms and conditions of the settlement, including the necessity of the approval by the Attorney General of the United States or his designee, and the necessity that the settlement must be approved in good faith.  The Court finds that the terms and conditions of this settlement, as set forth in the moving papers, are fair, reasonable, and in the best interests of Jordan Cazarez, a minor.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the settlement between Defendants USA and Sutter and Claimant and his parents, is approved.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED:

1. The Settlements as to Defendants USA and Sutter are approved as set forth in <u>Exhibit A</u> and <u>Exhibit B</u>.  The amount to be paid by the United States of America is **ONE MILLION EIGHT HUNDRED AND SEVENTY FIVE THOUSAND Dollars ($1,875,000)**.  The amount to be paid by Sutter is **ONE MILLION EIGHT HUNDRED SEVENTY-FIVE THOUSAND Dollars ($1,875,000), for a total of THREE MILLION, SEVEN HUNDRED AND FIFTY THOUSAND Dollars ($3,750,000)** (hereinafter "Settlement Amount").  The payer, the United States of America, upon approval from the Attorney General of the United States or his designee, and the payer Sutter (collectively "payers"), shall disburse the proceeds of the settlement in the following manner:

[PROPOSED] ORDER RE PETITION TO COMPROMISE CLAIM OF MINOR JORDAN CAZAREZ BY AND THROUGH HIS GUARDIAN AD LITEM, BEATRIZ ESTRADA

2. The payer, the United States of America, will pay by wire transfer to the Donahue & Horrow, LLP Client Trust Account, **ONE MILLION EIGHT HUNDRED AND SEVENTY FIVE THOUSAND Dollars ($1,875,000)** and the payer, Sutter will pay by wire transfer or check to the Donahue & Horrow, LLP Client Trust Account, **ONE MILLION ONE HUNDRED AND TWENTY FIVE THOUSAND Dollars ($1,125,000) plus the right to receive periodic payments from an annuity contract that Sutter will purchase** out of which the following disbursements will be from said Client Funds Account:

    a. To Jordan Cazarez, a minor, by and through his guardian ad litem, Beatriz Estrada, George Cazarez, and Donahue & Horrow, LLP, their attorneys of record, the sum of **THREE MILLION Dollars ($3,000,000.00)** (hereinafter "Upfront Cash"). From this amount, Donahue & Horrow, LLP will distribute the settlement proceeds as follows:

        i. **$800,000.00** to Beatriz Estrada and George Cazarez, parents of Jordan Cazarez. (From this amount, $191,666.67 will be paid to Donahue & Horrow, LLP as Attorneys' fees and $608,333.33 will be distributed to Beatriz Estrada and George Cazarez for the purchase of a home and furnishings. Any remaining amount, if any, after the purchase of the home and furnishings, will be deposited into the Jordan Cazarez Special Needs Trust.

        ii. Attorneys' fees in the amount of **$471,368.88** drawn and payable to the order of Plaintiffs' attorney, Donahue & Horrow, LLP;

        iii. Reimbursement for costs and expenses and cost reserve paid by the Plaintiffs' attorney, Donahue & Horrow, LLP in the amount of **$200,000.00**;

   iv. Payment of the Medi-Cal lien in the amount of **$85,318.60**. Of this amount, payment of $24,079.07 to Donahue & Horrow, LLP as an Attorney Fee and the balance of $61,239.53 to Medi-cal;

   v. The balance of the proceeds to Jordan Cazarez is **$1,443,312.52** to be deposited into a Special Needs Trust established on behalf of the minor, Jordan Cazarez. The United States of America is not a party to the Special Needs Trust, and has no involvement therein.

 b. Sutter will purchase a single premium annuity contract on behalf of Plaintiff Jordan Cazarez from Berkshire Hathaway Life Insurance Company of Nebraska, an annuity company rated A++ by A.M. Best and Co., for the sum of **SEVEN HUNDRED AND FIFTY THOUSAND Dollars ($750,000.00)**, which by its terms provides the right to receive payments in the amount of $2,695.00 per month for the life of Plaintiff Jordan Cazarez for 30 years certain, whichever is longer and will be payable to the Jordan Cazarez Special Needs Trust. This annuity is to be purchased by Defendant Sutter <u>only</u>. The description of the Annuity is attached hereto as <u>Exhibit C</u>.

3. Regarding the Special Needs Trust, the Court further orders as follows:

 a. Jordan Cazarez has a disability that substantially impairs his ability to provide for his own care or custody and constitutes a substantial handicap, namely severe developmental delay and cerebral palsy. He is likely to have special needs that will not be met without the Trust proposed herein. The money to be paid to the Trust does not exceed the amount that appears reasonably necessary to meet his special needs.

 b. The Jordan Cazarez Special Needs Trust (the "Trust"), a copy of which is attached to the Petition and is attached hereto as <u>Exhibit D</u>, is

established by this Order of this Court, is in the best interest of Jordan Cazarez, is done under Probate Code §§ 3600 et seq., and all of its terms and provisions are approved. Wells Fargo Bank is appointed Trustee of the Trust, and is authorized to execute the Trust. The United States of America is not a party to the Special Needs Trust, and has no involvement therein.

      c.      The Jordan Cazarez Special Needs Trust will be subject to the continuing jurisdiction of the California Superior Court. This Court will retain jurisdiction only until funding is complete and jurisdiction has transferred to the Superior Court of Sonoma County. Plaintiff is ordered to file a status report every 30 days from the date of this order regarding the status of disbursement of the settlement funds, and plaintiff is further ordered to petition the Sonoma County Superior Court to accept transfer jurisdiction over the special needs trust when disbursement of the settlement proceeds is complete. Finally, plaintiff is required to file in this Court proof of the Superior Court's acceptance of transfer of jurisdiction, at which time this Court's jurisdiction will terminate.

      d.      The Trustee shall file accounts and reports for Court approval in the manner and frequency required by Probate Code sections 1060, et seq. and 2620 et seq. The compensation of the Trustee is subject to review by the Court, but the Trustee is authorized to make periodic payments on account according to its special needs trust fee schedule in existence from time to time. The Trustee may pay agents and advisors and other expenses, except that compensation paid to the Trustee's attorneys shall be subject to Court approval. All statutory liens in favor of the Department of Health Care Services, the State Department of Mental Health, the State Department of Developmental Services, and any county or city and county in this state shall first be satisfied before any payment to the Trust. Bond is waived.

   e. Pursuant to California Probate Code § 2574(c) and California Financial Code § 1561.1, the trustee may invest in mutual funds, including proprietary mutual funds and in bonds that mature more than 5 years in the future.

  4. The Court further orders that Guardian ad Litem and plaintiff's mother, Beatriz Estrada, is authorized and directed to execute any and all documents reasonably necessary to carry out the terms of the settlement.

  5. Beatriz Estrada shall be responsible for maintaining a current address on behalf of Jordan Cazarez with the annuity company and the United States of America, until such time as the above payment schedule is completed.

  6. Plaintiff shall have seventy-five (75) days to submit proof of funding of the annuity to the Court.

  7. This case shall proceed against the remaining defendants, Virginia Meade, D.O. and Pediatrix Medical Group, in California state court.

  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiff, upon final execution of the Stipulation and receipt from the United States Attorney's Office for the Northern District of California that it has received the cash from the United States of America as set forth in Paragraph 3.a of the Stipulation, shall cause their attorney to file with the United States District Court for the Northern District of California a dismissal of this action against the United States of America with prejudice, with each party bearing its own costs, expenses, and fees. After Plaintiff has received the cash from Sutter, plaintiff shall cause their attorney to file with the United States District Court for the Northern District of California a dismissal of this action against Sutter with prejudice, with each party bearing its own costs, expenses, and fees.

  Subject to the terms and conditions set forth in The Stipulation, Plaintiff's attorney shall distribute said Upfront Cash to Beatriz Estrada and George Estrada and

– 6 –

[PROPOSED] ORDER RE PETITION TO COMPROMISE CLAIM OF MINOR JORDAN CAZAREZ BY AND THROUGH HIS GUARDIAN AD LITEM, BEATRIZ ESTRADA

– 7 –

to the Jordan Cazarez Special Needs Trust after paying or resolving any lien or claim for reimbursement or payment for which plaintiff has agreed to be legally responsible under the terms of the Stipulation.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Court will not retain jurisdiction over the action against the United States, Sutter, or the settlement, except as otherwise provided in this order.

The Clerk is requested to administratively close the case.

DATED: September 30, 2015      _____
U.S. District Judge James Donato